UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JUSTIN and TERESA STUCKEY, | ) |
| | ) |
| Appellants, | ) |
| | ) |
| v. | ) No. 1:10-cv-00196 |
| | ) |
| JAMES and JANE CARVER, | ) |
| | ) |
| Appellees. | ) |

## OPINION and ORDER

Before me is Appellees' Motion to Dismiss Appellants' bankruptcy appeal. [DE 3.]

Appellants filed their Notice of Appeal from the bankruptcy court on May 17, 2010, and the entry of that appeal was docketed with this Court on June 16, 2010. [DE 1.] Under Federal Rule of Bankruptcy Procedure 8009, Appellants had 14 days from June 16, 2010 to file their appeal brief, though the Court's docketing entry actually gave Appellants an extra week (until July 6, 2010). [*Id.*] Appellants never filed that brief.

On October 4, 2010, Appellees moved to dismiss the appeal, and Appellants' response to that motion was due on October 18, 2010. When that deadline passed without a response being filed, I issued an Order to Show Cause by November 4, 2010 as to why Appellants had not yet filed either their appeal brief or their response to the Motion to Dismiss and why they should be given leave to file those documents. [DE 4.] On November 4, Appellants filed their Response to the show cause order, but their excuse was flimsy. They said that they had been unaware of the filings and deadlines in this case because their "email and firewall system failed to recognize the ECF filings of this Court" and that they should be given leave to file these documents now

because this constituted "excusable neglect." [DE 5 at 1.] Appellees have since filed an Objection to this Response to the show cause order. [DE 6.]

Perhaps Appellants did in fact have problems receiving emails from the Court regarding their appeal, but it is their responsibility to manage their own appeal. *See Goodman v. Clark*, No. 2:09 CV 355, 2010 WL 2838396, at *4 (N.D. Ind. July 12, 2010) ("It is counsel's responsibility to monitor the progress of their cases by checking the court's docket.") (quoting *In re Delaughter*, 295 B.R. 317, 320 (Bankr. N.D. Ind. 2003)). *Cf. Norgaard v. DePuy Orthopaedics, Inc.*, 121 F.3d 1074, 1075 (7th Cir.1997) (ignorance of another court's docket is "nothing but negligence which does not justify untimely action"). Appellants filed their appeal on May 17, 2010 and then proceeded to ignore the appeal for almost six months until filing a Response to the Court's Order to Show Cause. If Appellants had seen nothing in their email in-boxes in those six months they could (and should) have taken simple proactive steps like calling or emailing my chambers or checking the ECF website. (It is also not at all clear from Appellants' Response how they received and responded to the October 20, 2010 Order to Show Case if their email system was filtering out all the ECF notices).

Equally problematic, from my perspective, is that Appellants have apparently demonstrated a similar disregard for deadlines and rules of procedure in the bankruptcy court proceeding. *See*, *e.g.*, Decision and Order on Motion For Summary Judgment and Motion for Sanctions (DE 1-4 at 124); Decision and Order, *Craver et al. v. Stuckey et al.*, No. 09-01046 (Bankr. N.D. Ind. Mar. 11, 2010), DE 58; Decision and Order on Motions For Sanctions, *Craver et al. v. Stuckey et al.*, No. 09-01046 (Bankr. N.D. Ind. June 2, 2010), DE 90.

Appellants contend their mistakes constitute "excusable neglect." Whether "excusable neglect" exists is determined by "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993). Factors considered in an excusable neglect argument are the potential prejudice to the movant, the length of the neglect, the reason for the neglect (including whether it was within the movant's control), and whether the movant acted in good faith. *Id.*

These factors do not favor Appellants. As noted, Appellants flouted both the deadline for their appeal brief and for their response to Appellees' Motion to Dismiss, and the record in the bankruptcy court demonstrates a similar history. Appellants' explanation for their delay is not particularly convincing, and they have failed to demonstrate that they acted in good faith in trying to move forward with the appeal. The neglect was also entirely in their control as they filed the appeal on May 17, 2010 and from that point could have taken any of a number of steps to figure out what the upcoming deadlines were. Moreover, Appellants' contention that "[t]here has been no prejudice" [DE 5 at 2] to Appellees as a result of their conduct is misplaced. Appellees have been prejudiced as the delay has caused them to incur additional and unnecessary expenses in this action and has delayed their ability to recover the sums of money owed to them.

Appellants' behavior thus does not meet the definition of "excusable neglect." Better words to describe it would be "indifference," or, perhaps, "negligence" – terms that meet the Seventh Circuit's standard for dismissing bankruptcy appeals. *In re Scheri*, 51 F.3d 71, 74 (7th Cir. 1995) ("[A] late filing of an appellate brief does not justify dismissal of the appeal ... absent a showing of bad faith, negligence, or indifference."). The Seventh Circuit has further noted that "[w]hen district courts have found dismissal to be the appropriate sanction because the

3

record demonstrates a consistent pattern of dilatoriness or multiple failures to comply with deadlines, courts of appeals have not hesitated to affirm the district court's exercise of discretion." *Id.* at 74.

I don't take dismissal lightly – I recognize it to be "a severe sanction" and "a penalty of last resort," *Telesphere Comm., Inc. v. 900 Unlimited, Inc.*, 177 F.3d 612, 616 (7th Cir. 1999) – but this case strikes me as one that clearly meets the Seventh Circuit's standard for dismissal. Here, the record demonstrates nothing less than a "consistent pattern of dilatoriness [and] multiple failures to comply with deadlines." *Scheri*, 51 F.3d at 74. *See also Telesphere*, 177 F.3d at 616 (rejecting appellant's argument that excusable neglect existed in affirming dismissal of appeal); *In re Resource Technology Corp.*, No. 05 C 4535, 2006 WL 463344, at *4 (N.D. Ill. Feb. 22, 2006) (rejecting appellant's argument that excusable neglect existed and dismissing appeal).

Accordingly, this matter is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

ENTERED: November 17, 2010

                                            s/ Philip P. Simon
                                            PHILIP P. SIMON, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT